*In re* Application of CHARLES A. HARKNESS to take Poor Debtor's Oath.

PROVIDENCE—MAY 10, 1905.

PRESENT: Douglas, C. J. Dubois and Blodgett, JJ.

(1) *Poor Debtor's Oath. Decision of Court to Administer Oath not Reviewable on Exceptions.*

The jurisdiction given by Gen. Laws cap. 260, "Of the relief of poor debtors," to justices of the Supreme Court and justices of District Courts is not reviewable on a bill of exceptions.

*Semble,* where the poor debtor's oath is administered by a magistrate the plaintiff may treat it as a nullity, take out execution, arrest the defendant, and on application by latter for *habeas corpus* the Supreme Court can then determine the question whether the examining magistrate had jurisdiction to entertain the application, or if the oath was not administered, plaintiff may apply for a writ of prohibition.

EXCEPTIONS from decision of justice of District Court that defendant in an action of deceit was entitled to take poor debtor's oath.  Proceedings dismissed.

PER CURIAM.  It appears from the papers submitted that Charles A. Harkness was a person against whom final judgment had been rendered in the Common Pleas Division in an action of deceit; that he obtained a citation from the justice of the Eighth Judicial District under the provisions of section 17, chapter 260, of the General Laws, and that on the return day of said citation the said justice decided that he was entitled to take the poor debtor's oath; whereupon the plaintiff excepted, and now presents a supposed bill of exceptions for our consideration.

The jurisdiction given by chapter 260 to justices of the Supreme Court and to justices of District Courts is not reviewable on a bill of exceptions.  The proceedings upon a petition to be admitted to take the poor debtor's oath are supplemental or ancillary to suits at law, and no provision is made in the statutes for exception to the magistrate's decision therein.  If the ordinary course of bringing a case before this court by bill of exceptions were applicable to these proceedings, a writ of prohibition, which was allowed in *Taylor* v. *Bliss*, 26 R. I. 16, would be unnecessary.  If the oath was administered in this case, which the papers do not inform us, and the plaintiff conceives that the magistrate had no jurisdiction to entertain the application, he may treat it as a nullity, take out his execution, arrest the defendant, and on application from him for a writ of *habeas corpus* this court will have jurisdiction to determine the question.  If the oath was not administered, he may apply for a writ of prohibition as in the case of *Taylor* v. *Bliss, supra.*

This present proceeding must be dismissed.

*Ezra K. Parker,* for William C. Stanton.

*Herbert Almy,* for Harkness.